UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 14-cv-05807 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* ECF Nos. 9, 11, 14).

After considering and reviewing the record, the Court concludes that the ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record as a whole for giving little weight to the 2010 opinion of treating physician Dr.

Tristan McGovern, M.D. The ALJ incorrectly found that Dr. McGovern's opinion was inconsistent with the record as a whole and incorrectly relied on plaintiff's lack of treatment to reject Dr. McGovern's opinion. Had the ALJ credited fully the opinion of Dr. McGovern, the residual functional capacity would have included additional limitations, and thus the error is not harmless.

Therefore, this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, GARY JAY GARCIA, was born in 1961 and was 41 years old on the alleged date of disability onset of July 17, 2002 (*see* AR. 214-20). Plaintiff completed high school, two years of college and graduated from the Washington Stunt Association (AR. 48). Plaintiff has worked as a welder/fitter, construction and fabrication, nurses' aide and doing maintenance (AR. 49-52, 251-62). Plaintiff last worked as a welder, but stopped working after he injured his back on the job (*see* AR. 30).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar and cervical spine; lumbar spondylosis; right lumbar radiculopathy; obesity; pain disorder; avoidant personality disorder; depressive disorder; status post carpal tunnel release of the left non-dominant hand and left ulnar neuropathy" (AR. 26).

At the time of the hearing, plaintiff was living with his girlfriend (AR. 47).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 102-15, 118-32). Plaintiff's requested hearing was held before Administrative Law Judge Stephanie Martz ("the ALJ") on December 13, 2012 (*see* AR. 43-101). On March 5, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 21-42).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err in determining that plaintiff did not meet or equal any listing; (2) Did the Commissioner err in evaluating the opinion evidence; and (3) Did the Commissioner err in determining plaintiff had the residual functional capacity to perform medium level work (*see* Dkt. 9, p. 2). Because the Court concludes that this matter must be reversed and remanded based on issues 2 and 3, the Court need not further review issue 1, and would expect the ALJ to re-evaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). The Court must independently determine whether or not "'the Commissioner's

ORDER ON PLAINTIFF'S COMPLAINT - 3

decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)).

## DISCUSSION

**(1)   Did the Commissioner err in evaluating the opinion evidence?**

a.   Dr. Tristan McGovern, M.D.

Plaintiff first argues that the ALJ erred by rejecting the opinions of treating physician Dr. Tristan McGovern, M.D. (*see* Opening Brief, Dkt. 9, p. 8). On July 27, 2010, Dr. McGovern opined that as of March 18, 2009 plaintiff could return to work if modified duties were available (AR. 838). Specifically, Dr. McGovern determined that plaintiff could constantly keyboard, use his wrists, grasp, and perform fine manipulation (*id.*). Plaintiff could frequently reach, and could occasionally sit, stand, squat/kneel, crawl, and operate foot controls (*id.*). Plaintiff could seldom climb, twist, bend/stoop, and engage in low impact vibratory tasks, and plaintiff could never engage in high impact vibratory tasks (*id.*). Dr. McGovern opined that plaintiff could never lift, carry or push/pull thirty pounds (*id.*). Dr. McGovern noted that plaintiff declined all treatments offered to him (*id.*).

The ALJ found that

> [t]his opinion is given little weight as it is not consistent with the overall evidence of record. As noted above at an appointment on March 29, 2010 the claimant did not mention

     wrist pain, low back pain, or neck pain (Ex 29F/11). He had not been in to see his primary care provider in almost 2 years prior to that time. While he had an exacerbation of pain in July of 2010 an x-ray of the lumbar spine showed no evidence of acute bony injury or degenerative disc disease (Ex 29F/22-24). Further, the claimant declined the recommended steroid injections, physical therapy, and a referral to a pain clinic (Ex 27F/36).

(AR. 34).

  "A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen*, 80 F.3d at 1285. When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

  The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d

418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ found that Dr. McGovern's opinion was not consistent with the overall medical evidence, and provided two specific reasons to support this finding (*see* AR. 34). First, the ALJ found that the medical records show plaintiff did not mention wrist, low back or neck pain at an appointment in March of 2010, contradicting Dr. McGovern's opinion (*id.*). The evidence shows that Dr. McGovern diagnosed plaintiff with lumbar disc degeneration in December of 2008 (AR. 1097). In May of 2009, Plaintiff was seen in Dr. McGovern's office and reported bilateral lumbar pain without radiculopathy (AR. 953). Plaintiff was treated again in August of 2009, and reported that he was doing pretty well on that day, but had an "attack" the previous week where he had sharp pain in his back and the pain resolved after resting (AR. 949). Plaintiff also stated that his back pain was prone to flare-ups once or twice a month, and indicated that he tries to take it easy to avoid aggravating his back (AR. 907). The evidence shows plaintiff has continually

complained of lower back pain (*see* AR. 1221-25 (general overview of plaintiff's medical history from 2007-2013)).

The ALJ also found that Dr. McGovern's opinion was entitled to little weight because a July 2010 x-ray of plaintiff's lumbar spine showed no evidence of an acute bony injury or degenerative disc disease (AR. 34). During an orthopedic evaluation of plaintiff in October of 2009, examining physician Dr. Richard Thorson, M.D. reviewed diagnostic studies from 2006 and concurred that plaintiff has a "significant degree of L3-4 right-sided disk (sic) protrusion, probably impacting the L4 root" but found that the physical exam of plaintiff did not correlate with that finding (AR. 910). Dr. Thorson opined that plaintiff fits Category II lumbodorsal impairment based on the known disc herniation (AR. 911).

An x-ray of plaintiff's lumbar spine was taken at a hospital in July of 2010, and showed no acute bony injury or degenerative disc disease (*see* AR. 851, 853). A review of the x-ray in Dr. McGovern's office showed "no compression fracture" but "multiple level anterior endplate osteophytes" (AR. 853). In September of 2010, plaintiff returned to Dr. McGovern with complaints of low back pain after carrying groceries (AR. 912). His lumbar range of motion was decreased in extension (AR. 913). X-rays taken at that time showed L2-3 discogenic disease and a small Schmorl's node (AR. 915).

After a review of the record, the Court concludes that the ALJ's finding that Dr. McGovern's opinion is entitled to little weight based on plaintiff's one time appointment wherein he did not mention wrist, low back or neck pain and an x-ray showing no acute

bony injury or degenerative disc disease is not specific and legitimate and supported by substantial evidence.

The ALJ also discredits Dr. McGovern's opinion because plaintiff had not seen his primary care provider in almost two years and because plaintiff refused additional treatment (AR. 34). The record shows that plaintiff was seeking treatment from Dr. McGovern's office during the applicable time period, and Dr. McGovern was aware of plaintiff's refusal to seek additional treatment when he determined plaintiff's limitations (*see e.g.* AR. 838, 906, 949, 953). The ALJ fails to state how plaintiff's failure to see his primary care provider and his refusal to try additional treatment discredits Dr. McGovern's findings.

Further, the ALJ failed to consider why plaintiff had not received additional treatment. During a consultative examination in October of 2011, plaintiff reported that he had a family doctor but was unable to go to appointments because he does not have health insurance (AR. 377). The ALJ failed to consider this evidence or any other evidence in the record when finding the opinion of Dr. McGovern was entitled to less weight because plaintiff did not seek more treatment. This is error. *See* Social Security Ruling 96-7, 1996 SSR LEXIS 4, *22 ("the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment").

The ALJ fails to show how plaintiff's lack of treatment with a primary care provider and refusal to pursue recommended treatment affected Dr. McGovern's opinion. Accordingly, these findings are not specific and legitimate and supported by substantial evidence.

For the foregoing reasons, the Court concludes that the ALJ has failed to provide specific and legitimate reasons that are supported by substantial evidence for giving little weight to the July 2010 opinion of Dr. McGovern.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

If the ALJ had credited fully Dr. McGovern's 2010 opinion regarding plaintiff's physical limitations, the residual functional capacity ("RFC") would have included additional limitations, as would have the hypothetical to the vocational expert. As the

ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, these errors affected the ultimate disability determination and are not harmless.

Although plaintiff argues in a conclusory manner that this matter should be remanded with a direction to award benefits (*see* Opening Brief, Dkt. 9, p. 12), the Court concludes that such would be inappropriate because outstanding issues regarding plaintiff's functional limitations need to be resolved on remand. *See Smolen*, 80 F.3d at 1292.

   b.  Dr. Norman Peterson, M.D.

Plaintiff also argues that the ALJ erred in giving no weight to the opinion of examining psychiatrist Dr. Norman Peterson, M.D. (*see* Opening Brief, Dkt. 9, pp. 8-9). As the Court already has determined that this matter must be reversed and remanded for further consideration, *see supra*, section 1.a, the ALJ is instructed to re-evaluate the opinion of Dr. Peterson on remand.

The Court notes briefly, however, that the ALJ erred in finding that Dr. Peterson's opinion is entitled to no weight because Dr. Peterson evaluated plaintiff's physical impairments without completing a physical examination and when the purpose was to evaluate plaintiff's mental impairments (AR. 35). The fact that Dr. Peterson based his opinion in part on plaintiff's pain and physical symptoms, in addition to his depression, is not a legitimate reason to discredit fully this opinion. *See Mills v. Astrue*, 2009 WL 586111, 2009 U.S. Dist. LEXIS 22660 at *12, Docket No. C08-1319CRD (W.D. Wash. March 5, 2009) ("dismissal of the examining psychologist's opinion regarding a patient's

mental health impairments because they are partially attributable to physical impairments is not legitimate reasoning") (unpublished opinion). Dr. Peterson considered both plaintiff's physical and mental impairments when reaching his opinion. (*see* AR. 377-80). The fact that Dr. Peterson's "purpose" was to evaluate plaintiff's mental health symptoms is not a proper reason to discredit his opinion that is based on both mental and physical impairments.

The ALJ also erred when she found that Dr. Peterson's opinion is inconsistent with the fact that plaintiff has not sought treatment for his mental health symptoms (AR. 35). According to the Ninth Circuit, "the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Further, the record shows that plaintiff reported depression and insomnia to primary care providers and an independent medical examiner (*see* AR. 311, 906, 1104). The ALJ's finding that Dr. Peterson should be given no weight because plaintiff has not sought mental health treatment is improper. These errors, too, should be corrected by the ALJ following remand of this matter.

**(2)     Did the Commissioner err in determining plaintiff had the residual functional capacity to perform medium level work?**

Plaintiff argues that the ALJ erred in her determination of plaintiff's RFC (*see* Dkt. 9, pp. 10-11). As the ALJ improperly assessed Dr. McGovern's 2010 opinion, the Court concludes that the ALJ erred by failing to include Dr. McGovern's opined

ORDER ON PLAINTIFF'S COMPLAINT - 11

limitations in the RFC assessment. *See supra* section 1.a. Accordingly, on remand the ALJ must assess plaintiff's RFC anew.

As the ALJ's error in assessing the evidence supporting plaintiff's limitations affects all aspects of the ALJ's decision, the ALJ is instructed to reevaluate this entire matter on remand. Thus, it is unnecessary to address the remaining issue raised in plaintiff's appeal.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 17th day of March, 2015.

J. Richard Creatura
United States Magistrate Judge